The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Haigh and the briefs and oral arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
1. At the time of the injury by accident giving rise hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, defendant-employer regularly employing three or more employees, one of whom was plaintiff.
2. Aetna Casualty Surety Company provided workers' compensation insurance coverage for defendant-employer.
3. Plaintiff sustained an admittedly compensable an injury by accident arising out of and in the course of his employment with defendant-employer on October 13, 1994 which resulted in the loss of one tooth.
4. Plaintiff's average weekly wage amounts to $280.00.
5. In additional, the parties at trial stipulated into the evidence of record as Stipulated Exhibit I the medical records and bill of Timothy Love, D.C.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission make the following
FINDINGS OF FACT
1. Plaintiff, who was 46 years old at the time of hearing, has a high school education and attended college for two and one-half years where he studied business administration.
2. Prior to working for defendant-employer, plaintiff's work history included the following: sole proprietor of a consulting business for a rock group in Tacoma, Washington from 1990 to 1994; silent partner in a towing service from 1981 to 1990; and janitorial work from 1972 to 1981. In addition, he was a gambler who "won some and lost some".
3. He began working for defendant-employer on October 5, 1994 as a dock worker whose duties included loading and unloading cloth onto and from tractor trailers.
4. Plaintiff sustained the admittedly compensable injury by accident giving rise hereto on October 13, 1994 when, as he was standing near the rear of a trailer, he was struck by two rolls of cloth which were positioned on the blades of a fork lift being operated by Bobby Moose who was attempting to load the rolls of cloth onto the trailer. As a result of the accident, plaintiff was knocked to the floor of the trailer and his upper, center tooth was knocked loose.
5. Plaintiff's supervisor, Jeff Rich, was immediately aware of the accident and that plaintiff's tooth had been knocked loose. Plaintiff did not report to Rich or to James Griffin, defendant-employer's safety manager, about any complaints of headaches or of low back pain, back soreness, or low back stiffness but rather only that a tooth had been knocked loose. Although plaintiff was encouraged by defendant-employer to see a dentist at that time, it was not until October 17, 1994 that plaintiff sought medical treatment by agreeing to be seen by Rita Bhat, D.M.D., to whom defendants referred him.
6. On or about October 17, 1994 plaintiff came under the care of Dr. Bhat who thereafter rendered treatment including replacement of his upper, center tooth. Defendants paid for all medical expenses incurred by plaintiff for treatment by said dentist.
7. Plaintiff returned to work for defendant-employer on October 14, 1994 and thereafter was so employed through about October 31, 1994 during which time he never advised Rich, Griffin, or anyone else in management that he allegedly experienced low back pain, stiffness, and soreness, and headaches following the October 13, 1994 injury by accident. He quit working for defendant-employer on October 31, 1994 and thereafter moved to Atlantic City, New Jersey where he lived off his gambling and the earnings of his girl friend, who was a card dealer at one of the casinos there.
8. In about July 1996 plaintiff left Atlantic City and moved to Washington and later to Concord, North Carolina and from July 5, 1995 to July 27, 1995 he was treated by Timothy Love, D.C. for lumbosacral sprain/strain.
9. Plaintiff's evidence, which if believed, would establish that as a result of the injury by accident of October 13, 1994, he experienced headaches and low back pain, stiffness and soreness and that those problems rendered him unable to earn wages in any employment is not accepted as credible.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. Plaintiff's back condition is not causally related to the injury by accident of October 13, 1994 and accordingly, he is not entitled to either medical or indemnity compensation by reason of said back condition. G.S. § 97-2 (6); G.S. § 97-25; G.S. § 97-29.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
AWARD
1. Plaintiff's claim for medical and indemnity compensation by reason of an alleged back injury allegedly due to the injury by accident of October 13, 1994 must under the law be and it is hereby DENIED.
2. Each side shall pay it's own costs.
This the _____ day of August, 1997.
 S/ ___________________ MORGAN S. CHAPMAN DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________ COY M. VANCE COMMISSIONER
MSC:ib